UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>JOSEPH LOPES,<br><br>             Defendant. | CR NO. 13-00220 LEK<br>CV NO. 19-00036 LEK-KJM |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET
ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL
CUSTODY AND DENYING A CERTIFICATE OF APPEALIBILITY**

Before the Court is pro se Defendant/Petitioner

Joseph Lopes's ("Lopes") Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by Person in Federal

Custody ("§ 2255 Motion"), filed January 22, 2019. [Dkt.

no. 109.]  On January 24, 2019, an Order to Show Cause was

issued, directing Plaintiff/Respondent the United States of

America ("the Government") to file an answer, pursuant to Rule 5

of the Rules Governing Section 2255 Proceedings for the United

States District Courts.  [Dkt. no. 110.]  The Government filed

its "Response" to the § 2255 Motion ("Answer") on August 15,

2019.  [Dkt. nos. 129 (Answer), 130 (sealed documents in support

of Answer).]  Lopes's § 2255 Motion is hereby denied, and a

certificate of appealability is also denied, for the reasons set

forth below.

## BACKGROUND

On February 27, 2013, Lopes was charged in a Criminal Complaint with knowingly and intentionally attempting to possess, with intent to distribute, fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers ("methamphetamine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. [Dkt. no. 1.] An Indictment was filed on March 6, 2013, with the same charge, but specifying that the date of the alleged offense was on or about February 26, 2013, and that the amount was approximately six pounds. [Dkt. no. 9.]

Lopes initially entered a plea of not guilty, [Minutes, filed 3/8/13 (dkt. no. 12), at 1,] but, on October 7, 2013, he withdrew his plea and entered a plea of guilty, pursuant to a plea agreement. [Minutes, filed 10/7/13, (dkt. no. 26); Memorandum of Plea Agreement ("Plea Agreement"), filed 10/7/13 (dkt. no. 27).] As of February 27, 2013, Joseph Mottl, Esq., represented Lopes. [CJA 20 form, filed 2/27/13 (dkt. no. 6).]

The Presentence Investigation Report ("PSR") was filed on October 25, 2017. [Dkt. no. 75.] The PSR found that Lopes's base offense level was thirty-six. [Id. at ¶ 20.] The PSR applied a two-level increase because Lopes was an organizer, leader, manager, or supervisor of the criminal activity, a two-level decrease for accepting responsibility, and a one-level

decrease for timely informing the Government that he intended to plead guilty, for a total offense level of thirty-five. [Id. at ¶¶ 23, 27-29.] His criminal history category was I. [Id. at ¶ 37.] His imprisonment range under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") was 168 to 210 months, [id. at ¶ 60,] with a required term of five years to life of supervised release [id. at ¶ 63]. The fine range for the offense was $20,000 to $10,000,000, and a special assessment of $100. [Id. at ¶¶ 68-70.]

On October 31, 2017, the Government filed, under seal, a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to impose a sentence below sentencing guidelines for substantial assistance ("§ 5K1.1 Motion"). [Dkt. no. 76.] The Government recommended that Lopes's offense level be adjusted five levels downward "to level 30 (guideline range 97 – 121 months) and a sentence of 110 months" due to Lopes's cooperation in other cases and investigations. [§ 5K1.1 Motion at 3.] The Government specified the substantial assistance rendered to Drug Enforcement Administration ("DEA") agents, and also informed the Court that Lopes testified as a witness in United States v. Isaak Paopao, CR. No. 13-0327-02 CRB, in the United States District Court for the Northern District of California. [Id. at 2-3.] The United States Attorney's Office for the District of Hawai`i stated that it did not credit Lopes's testimony in

3

Paopao because his testimony was already credited in Lopes's Northern District of California case.[1] [Id. at 3 n.1.] Lopes also successfully assisted in other investigations. [Id. at 2.]

Lopes's sentencing hearing was held on January 25, 2018. [Minutes, filed 1/25/18 (dkt. no. 106).] The Court accepted the Plea Agreement and adopted the factual findings in the PSR. The Court also granted the Government's § 5K1.1 Motion, and sentenced Lopes to ninety months imprisonment, five years of supervised release and a special assessment of $100. [Id. at 1-2.] The Judgment in a Criminal Case was filed on January 30, 2018. [Dkt. no. 107.]

Lopes timely filed the instant § 2255 Motion, which alleges his counsel rendered constitutionally ineffective assistance by: 1) not communicating necessary and sufficient information to Lopes at the pleading stage; and 2) not communicating necessary and sufficient information to both Lopes and the Court at the sentencing stage. In its Answer, the Government argues the § 2255 Motion should be denied because Lopes fails to establish that he received ineffective assistance.

---

[1] Lopes also pleaded guilty and was sentenced in the United States District Court for the Northern District of California, CR. No. 13-00327-005. See Minutes, filed 1/25/19 (dkt. no. 106); see also § 2255 Motion at 5.

## **STANDARD**

Section 2255(a) states:

A prisoner in custody under sentence of a court
established by Act of Congress claiming the right
to be released upon the ground that the sentence
was imposed in violation of the Constitution or
laws of the United States, or that the court was
without jurisdiction to impose such sentence, or
that the sentence was in excess of the maximum
authorized by law, or is otherwise subject to
collateral attack, may move the court which
imposed the sentence to vacate, set aside or
correct the sentence.

This district court has described the standards applicable to

§ 2255 motions as follows:

A court may dismiss a § 2255 motion if "it
plainly appears from the motion, any attached
exhibits, and the record of prior proceedings
that the moving party is not entitled to relief."
R. 4(b), Rules Governing Section 2255
Proceedings. A court need not hold an
evidentiary hearing if the allegations are
"palpably incredible [or] patently frivolous,"
Blackledge v. Allison, 431 U.S. 63, 76 (1977)
(internal quotation marks and citation omitted),
or if the issues can be conclusively decided on
the basis of the evidence in the record. See
United States v. Mejia-Mesa, 153 F.3d 925, 929
(9th Cir. 1998) (noting that a "district court
has discretion to deny an evidentiary hearing on
a § 2255 claim where the files and records
conclusively show that the movant is not entitled
to relief"). Conclusory statements in a § 2255
motion are insufficient to require a hearing.
United States v. Johnson, 988 F.2d 941, 945 (9th
Cir. 1993). A petitioner must "allege specific
facts which, if true, would entitle him to
relief." United States v. Rodrigues, 347 F.3d
818, 824 (9th Cir. 2003) (internal quotation
marks and citation omitted).

<u>Malivao v. United States</u>, CR 13-00885 LEK, 2018 WL 6834704, at

*2 (D. Hawai`i Dec. 28, 2018) (alteration in <u>Malivao</u>) (some

citations omitted).

The issues raised in Lopes's § 2255 Motion are legal

issues that "can be conclusively decided on the basis of the

evidence in the record," including the record of the underlying

proceedings.  <u>See</u> <u>Mejia-Mesa</u>, 153 F.3d at 929.  Because there

are no factual disputes that must be resolved in order to rule

on the legal issues presented in the § 2255 Motion, an

evidentiary hearing is unnecessary in this case.

<b><u>DISCUSSION</u></b>

**I.   <u>Ineffective Assistance of Counsel</u>**

This district court has stated:

> To prevail on an ineffective assistance of
> counsel claim, a petitioner must establish two
> distinct elements.  First, he must show that
> counsel's representation fell below an objective
> standard of reasonableness.  <u>Strickland v.</u>
> <u>Washington</u>, 466 U.S. 668, 688 (1984).  Second, he
> must show that "there is a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different." <u>Id.</u> at 694.  In other words, a
> petitioner must show both that counsel's
> performance was deficient and that the deficiency
> was prejudicial. <u>Id.</u> at 692.
>
> Counsel "is strongly presumed to have
> rendered adequate assistance and made all
> significant decisions in the exercise of
> reasonable professional judgment." <u>Id.</u> at 690.
> "[S]trategic choices made after thorough
> investigation of law and facts relevant to
> plausible options are virtually unchallengeable;

and strategic choices made after less than
complete investigation are reasonable precisely
to the extent that reasonable professional
judgments support the limitations on
investigation.  In other words, counsel has a
duty to make reasonable investigations or to make
a reasonable decision that makes particular
investigations unnecessary."  Id. at 690-691.

Conclusory allegations of ineffective
assistance of counsel made with no factual or
legal explanation fall well short of stating a
cognizable claim for ineffective assistance of
counsel.  See Blackledge v. Allison, 431 U.S. 63,
74 (1977) ("[P]resentation of conclusory
allegations unsupported by specifics is subject
to summary dismissal.").

Foster v. United States, CR. NO. 13-00219 DKW, 2019 WL 2428561,

at *4 (D. Hawai`i June 10, 2019) (alterations in Foster).  As to

the reasonableness of representation prong, a court must

"determine whether, in light of all the circumstances, the

identified acts or omissions were outside the wide range of

professionally competent assistance."  Strickland, 466 U.S. at

690.  Lopes bears the burden of proof as to both prongs of the

Strickland analysis.  See Turk v. White, 116 F.3d 1264, 1265

(9th Cir. 1997).

A.    **At or Before Lopes's Change of Plea Hearing**

Lopes alleges Mr. Mottl "never explained to [Lopes]

how [his] cooperation would affect the analysis at the time of

sentencing," and Mr. Mottl said Lopes "was unlikely to receive a

substantial custodial sentence."  [§ 2255 Motion at 5.]  Lopes

alleges he "was led to believe that [he] would receive a much

7

lower sentence." [Id.] Each of these allegations appears to relate to communication between Lopes and his counsel prior to his decision to plead guilty. In its Response, the Government argues Lopes's allegations are contradicted by, *inter alia*: 1) Mr. Mottl's declaration; and 2) the statements made by Lopes at his change of plea hearing. See Answer at 14-16.

To the extent Lopes's allegation that Mr. Mottl did not explain how Lopes's cooperation would affect his sentence and his allegation that Mr. Mottl told Lopes he "was unlikely to receive a substantial custodial sentence" are inconsistent with each other, the allegations are liberally construed so as to not conflict. See § 2255 Motion at 5; see also Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. CT. 700, 701, 70 L. Ed. 2d. 551 (1982) (per curiam))). Those two allegations, along with the allegation that Lopes "was led to believe that [he] would receive a much lower sentence," all essentially argue that, at or before the change of plea hearing on October 7, 2013, Mr. Mottl did not accurately predict the sentence Lopes would eventually receive. See § 2255 Motion at 5. Lopes does not argue the alleged misstatements from his counsel affected his decision to plead guilty. However, because the terms of the

8

Plea Agreement required him to cooperate with the Government,[2] Lopes's position is liberally construed as an argument that his decisions to plead guilty and to cooperate in other investigations were both affected by the alleged misstatements by Mr. Mottl.

### 1. **Legal Standard**

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (some citations omitted) (quoting Lafler v. Cooper, 566 U.S. 156, 165, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). Lopes must satisfy both prongs of the Strickland analysis. See Turk, 116 F.3d at 1265. As to the second prong, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Lee, 137 S. Ct. at 1965 (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985)). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded

---

[2] Plea Agreement at ¶¶ 20.a-d.

but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."  Id. at 1967.

### 2.  Application

The Court makes no finding as to whether or not Mr. Mottl's alleged misstatements fell below an objectively reasonable standard of professional performance.  Even if Mr. Mottl's performance somehow satisfied the first Strickland prong, Lopes was not prejudiced by the alleged misstatements because the Plea Agreement and the Court informed him of the potential term of imprisonment he could face by pleading guilty. See Womack v. Del Papa, 497 F.3d 998, 1003 (9th Cir. 2007) ("[The petitioner] was not prejudiced by his counsel's [inaccurate sentencing] prediction because the plea agreement and the state district court's plea canvass alerted [the petitioner] to the potential consequences of his guilty plea.") (citing Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990)).  Here, the Plea Agreement clearly and unambiguously informed Lopes that the penalties for the crime to which he pleaded guilty included a term of imprisonment ranging from a mandatory minimum of ten years to life imprisonment, plus supervised release of five years to life.  See Plea Agreement at ¶¶ 7.a-b.  Therefore, Lopes was necessarily aware that he could be sentenced to life in prison following his guilty plea.

10

Furthermore, at the change of plea hearing, this Court asked Lopes "the possible penalties that you would face are as follows:  A mandatory minimum period of imprisonment of 10 years and up to life . . . .  Do you understand that these are the possible penalties that you would face if you plead guilty as charged?"  [Sealed trans. of 10/7/13 change of plea hrg. ("10/7/13 Hrg. Trans."), filed 3/10/19 (dkt. no. 116), at 10.] Lopes responded that he understood.  [Id.]  Lopes also affirmed his understanding that the Court could impose a sentence "different from any estimate that [Lopes] and [Mr. Mottl] may have discussed."  [Id. at 12.]  Lopes responded in the negative when asked "[h]as anyone made any other promises or assurances of any kind to you, in order to get you to plead guilty?"  [Id. at 6.]  Therefore, at the time he pleaded guilty, Lopes represented to the Court that he understood the possible penalties.  Lopes was not prejudiced because any misconception he may have harbored regarding the length of his prison term was expunged on the record at his change of plea hearing.  The Court need not make any finding as to whether Mr. Mottl even made the alleged misstatements, or if the alleged misstatements fell below an objective standard of reasonableness, because an inaccurate sentencing prediction from Mr. Mottl would not satisfy the second Strickland prong.  See Sexton v. Cozner, 679 F.3d 1150, 1156 (9th Cir. 2012) (holding that the attorney's

inaccurate sentencing prediction was not prejudicial where the petitioner stated to the court that he understood he could face a mandatory sentence of life imprisonment).

The Ninth Circuit recently examined this issue in Rodriguez v. United States, 789 F. App'x 56 (9th Cir. 2019). There, a § 2255 petitioner, Juan Carlos Rodriguez, argued he received ineffective assistance of counsel because his attorney "misrepresented that his federal sentence would run entirely concurrently with a state sentence he was already serving," rendering his guilty plea involuntary. Id. at 57. The Ninth Circuit held, without determining if the attorney actually made the alleged misrepresentation, that Rodriguez did not demonstrate the requisite prejudice because "[t]he district judge advised Rodriguez during the [Fed. R. Crim. P.] 11 plea colloquy that he was not guaranteed a concurrent sentence and that it was 'up in the air how any federal sentence might run' with the state sentence." Id. Therefore, Rodriguez could not establish that he had received ineffective assistance of counsel, and the Ninth Circuit affirmed the district court's denial of Rodriguez's § 2255 motion for lack of prejudice. Id. at 57-58.

In sum, Lopes cannot prevail on an ineffective assistance of counsel claim related to Mr. Mottl's alleged statements predicting the length of his future prison sentence

because Lopes was unambiguously informed by the Plea Agreement
and the Court as to the potential term of imprisonment
associated with his guilty plea.  Therefore, Lopes's argument
that he received ineffective assistance of counsel relating to
Mr. Mottl's inaccurate prediction at, or prior to, his change of
plea hearing is rejected.

### B. <u>At or Before Lopes's Sentencing Hearing</u>

Lopes alleges Mr. Mottl "did not object to the
Government's refusal to consider" Lopes's testimony in <u>Paopao</u>.
[§ 2255 Motion at 5.]  Lopes next argues Mr. Mottl "also failed
to apprise this Court of several related cases involving related
cooperators that would provide guidance as to the
proportionality and general fairness of the sentence."  [<u>Id.</u>]
Lopes alleges Mr. Mottl "did not adequately convey the full
extent of [his] cooperation to the Court."  [<u>Id.</u>]  Finally,
Lopes argues that, at the sentencing hearing, Mr. Mottl did not
"effectively explain to [Lopes] the impact that [his
cooperation] would have when presented to the Court."  [<u>Id.</u>]  In
its response, the Government argues, *inter alia*, even if Lopes's
allegations are true, he cannot demonstrate that he was
prejudiced.  <u>See, e.g.</u>, Response at 8 (arguing an objection from
Mr. Mottl would not have compelled the Government to give credit
for Lopes's testimony in <u>Paopao</u>).

13

### 1. **Legal Standard**

"The Sixth Amendment guarantees that criminal defendants receive reasonably effective assistance of counsel at sentencing."  <u>White v. Ryan</u>, 895 F.3d 641, 673 (9th Cir. 2018) (citing <u>Strickland</u>, 466 U.S. at 686–88, 104 S. Ct. 2052).

### 2. **Application**

Lopes's first argument is rejected.  Even liberally construing his pleadings, Lopes has not demonstrated that Mr. Mottl's lack of objection to the Government's decision to not credit Lopes's testimony fell below an objective standard of reasonableness.  <u>See</u> <u>Strickland</u>, 466 U.S. at 688.  Furthermore, even if Lopes had made such a showing, he has not shown that the action complained of carried with it a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>See</u> <u>id.</u> at 694.

The terms of the Plea Agreement unambiguously explained that, in the event Lopes provided substantial assistance to the Government in another person's case, the Government could, but was not required to, move the Court to depart from the Guidelines, or impose a sentence below the mandatory minimum.  [Plea Agreement at ¶ 22.]  The motion or request for downward departure was the exclusive purview of the Government.  <u>See</u> <u>id.</u> at ¶ 22.a ("The decision as to whether to

make such a request or motion is entirely up to the

prosecution."). The Ninth Circuit has held:

> Section 5K1.1 permits a district court to
> depart from the Guidelines "[u]pon motion of the
> government stating that the defendant has
> provided substantial assistance in the
> investigation or prosecution of another person
> who has committed an offense." U.S.S.G. § 5K1.1.
> This provision empowers the government to move
> for a departure when a defendant has
> substantially assisted, but it imposes no duty to
> do so. See Wade v. United States, 504 U.S. 181,
> 185, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992);
> United States v. Arishi, 54 F.3d 596, 597 (9th
> Cir. 1995). Even if a defendant has provided
> substantial assistance, we may not grant relief
> unless the government's refusal to file a § 5K1.1
> motion was based on impermissible motives,
> constituted a breach of a plea agreement, or was
> not rationally related to a legitimate
> governmental purpose. See United States v.
> Treleaven, 35 F.3d 458, 461 (9th Cir. 1994)
> (citing Wade, 504 U.S. at 185-86, 112 S. Ct.
> 1840, 118 L. Ed. 2d 524). Our precedent also
> requires the Government to make a good faith
> evaluation of a defendant's assistance as of the
> date of sentencing to determine the
> appropriateness of a § 5K1.1 motion. See United
> States v. Quach, 302 F.3d 1096, 1102 (9th Cir.
> 2002). . . .

United States v. Flores, 559 F.3d 1016, 1019 (9th Cir. 2009)

(brackets in Flores).

Here, there have been neither allegations, nor

evidence, of impermissible motive, breach of the Plea Agreement,

or divergence from a proper government motive. In its § 5K1.1

Motion, the Government acknowledged Lopes's testimony in the

Northern District of California, explained why it would not

credit that testimony, and recommended a downward departure.
The Government's refusal to credit Lopes's testimony is not
attributable to a lack of investigation, bad faith or improper
motive.  Therefore, it was acceptable for Mr. Mottl to not
object.  See United States v. Fox, 8 F. App'x 800, 804 (9th Cir.
2001) (holding that, "[b]ecause we find that no breach of the
agreement occurred, it was not error for Fox's trial counsel to
fail to object" to the Government's refusal to move for downward
departure at sentencing).  Furthermore, even if Mr. Mottl's
failure to object was error, there is no evidence to suggest the
outcome would have changed if Mr. Mottl had objected.  See
Answer at 10 ("The United States did not believe that [Lopes's]
trial testimony in California substantially assisted federal
authorities and simply did not give him credit in its 5K1.1
motion for that activity.").  Therefore, Lopes cannot show a
reasonable probability that he was prejudiced by the lack of an
objection.  Because Lopes cannot show a reasonable probability
that he was prejudiced, the Court does not reach the issue of
whether the many times Lopes, though his counsel, presented his
position regarding his testimony in Paopao to the Court,
constituted an "objection" to the Government's refusal to credit
that testimony.  See, e.g., Def.'s Suppl. Sentencing Mem., filed
1/25/18 (dkt. no. 104) ("Lopes's 1/25/18 Sentencing Mem.").  For

these reasons, Lopes's argument with regard to Mr. Mottl's failure to object as indicated, is rejected.

Lopes's argument that Mr. Mottl "also failed to apprise this Court of several related cases involving related cooperators that would provide guidance as to the proportionality and general fairness of the sentence" is also rejected. See § 2255 Motion at 5. As a preliminary matter, there are no co-defendants in this case. To the extent that evidence of sentences imposed on "related" defendants in other cases, prosecuted on the basis of other conduct, is admissible as mitigating evidence at sentencing, Mr. Mottl denies any knowledge of "related cooperators," "related cases or co-defendants." [Answer, Exh. 3 (Decl. of Joseph R. Mottl) at ¶ 22.] Furthermore, Lopes cannot show prejudice because his sentence was imposed in accordance with the Plea Agreement, the Guidelines, and the aggravating and mitigating factors unique to this case. Lopes also cannot show a reasonable probability that the outcome of his sentencing would have been any different if evidence of the sentences imposed on other defendants in other cases had been presented to the Court. Therefore, this portion of Lopes's argument is rejected.

Lopes's argument that Mr. Mottl "did not adequately convey the full extent of [his] cooperation to the Court" is rejected. See § 2255 Motion at 5. Lopes has not presented any

indicia of cooperation that was not fully presented to the Court prior to sentencing, in one or more of the following documents or hearings: 1) the 10/7/13 Hearing Transcript; 2) the § 5K1.1 Motion; 3) Memorandum Regarding Defense Witnesses Testimony at Sentencing Hearing; [filed 12/6/17 (dkt. no. 94) (sealed);] 4) the United States' Sentencing Memorandum; [filed 12/15/17 (dkt. no. 96) (sealed);] 5) Lopes's Reply Memorandum; [filed 12/22/17 (dkt. no. 100) (sealed);] 6) Lopes's 1/25/18 Sentencing Memorandum; 7) Defendant's Letter to the Honorable Leslie E. Kobayashi; [filed 1/25/18 (dkt. no. 105) (sealed);] 8) the transcript of the January 25, 2018 sentencing hearing ("1/25/18 Hearing Transcript"), [filed 2/11/19 (dkt. no. 115)]. At the time of sentencing, the Court was made thoroughly aware of Lopes's extensive cooperation with the Government, and the § 2255 Motion does not present evidence of cooperation unaccounted for in previous filings or hearings. Therefore, it is unnecessary to determine if Mr. Mottl's representation fell below an objective standard, because Lopes cannot show a reasonable probability that he was prejudiced in this regard. Thus, this portion of Lopes's argument is rejected.

Lopes's final argument that, at the sentencing hearing, Mr. Mottl did not "effectively explain to [Lopes] the impact [his cooperation] would have when presented to this Court," is rejected. See § 2255 Motion at 5. It is not

necessary to determine whether Mr. Mottl's alleged lack of communication to Lopes at the sentencing hearing fell below an objective standard because Lopes cannot show a reasonable probability that he was prejudiced by it.  The Court engaged in a thorough colloquy with the Lopes, wherein the Court explained the aggravating and mitigating factors, including his cooperation with the Government, and how those factors affected his sentence.  See, e.g., 1/25/18 Hrg. Trans. at 5-13, 20-22. Regardless of the communication between Lopes and his counsel at, or prior to, the sentencing hearing, the Court extensively explained the impact Lopes's cooperation had on his term of imprisonment.  Lopes has not identified any communication that could have, but did not, transpire between himself and Mr. Mottl that could have affected his term of imprisonment.  Lopes thus has not demonstrated a reasonable probability that he was prejudiced.  For these reasons, Lopes's final argument is rejected.

## C.   **Summary**

Lopes has failed to establish any action or omission by Mr. Mottl that constitutes ineffective assistance of counsel. The § 2255 Motion is therefore denied.  Because the only ground raised fails as a matter of law, Lopes's § 2255 Motion is denied.

## II.  **Certificate of Appealability**

This district court has stated that:

> In dismissing a § 2255 motion, the court
> must also address whether [defendant/petitioner]
> should be granted a certificate of appealability
> ("COA").  See R. 11(a), Rules Governing Section
> 2255 Proceedings (providing that "[t]he district
> court must issue or deny a certificate of
> appealability when it enters a final order
> adverse to the applicant").  A COA may issue only
> if the petitioner "has made a substantial showing
> of the denial of a constitutional right."  28
> U.S.C. § 2253(c)(2).

> "The standard for a certificate of
> appealability is lenient."  Hayward v. Marshall,
> 603 F.3d 546, 553 (9th Cir. 2010) (en banc),
> overruled on other grounds by Swarthout v. Cooke,
> 562 U.S. 216 (2011).  The petitioner is required
> to demonstrate only "that reasonable jurists
> could debate the district court's resolution or
> that the issues are adequate to deserve
> encouragement to proceed further."  Id. (citation
> and internal quotation marks omitted).  The
> standard "requires something more than the
> absence of frivolity, but something less than a
> merits determination."  Id. (internal quotation
> marks omitted).

> The court carefully reviewed [the
> defendant/petitioner's] assertions and gave him
> every benefit by liberally construing them.
> Based on the above analysis the court finds that
> reasonable jurists could not find the court's
> rulings debatable.

Malivao, 2018 WL 6834704, at *7 (some alterations in Malivao)

(some citations omitted).  Reasonable jurists would not find

that the rulings in this Order regarding Lopes's § 2255 Motion

are debatable.  A certificate of appealability therefore will

not be issued.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Lopes's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 22, 2019, is HEREBY DENIED.  In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 27, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**UNITED STATES OF AMERICA VS. JOSEPH LOPES; CR 13-00200 LEK; CV 19-00036 LEK-KJM; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VVACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALIBILITY**</u>